**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANTHONY A. WILSON, | No. 13-35203 |
| Plaintiff - Appellant, | D.C. No. 4:12-cv-00023-SEH |
| v. | |
| CAROLYN W. COLVIN, | MEMORANDUM* |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Montana
Sam E. Haddon, District Judge, Presiding

Submitted July 10, 2014**
Portland, Oregon

Before: PREGERSON, PAEZ, and WATFORD, Circuit Judges.

Anthony Wilson ("Wilson") appeals the district court's judgment affirming

the decision of the administrative law judge ("ALJ") denying his application for

disability benefits.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

The ALJ did not err in finding Wilson incredible. If objective medical evidence of an underlying impairment exists, "and there is no evidence of malingering, 'the ALJ can reject the claimant's testimony about the severity of [his] symptoms only by offering specific, clear and convincing reasons for doing so.'" *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (quoting *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996)). The ALJ gave specific, clear and convincing reasons for rejecting Wilson's complaints of disabling pain. Among other findings, the ALJ found that Wilson declined to pursue both aggressive *and* conservative forms of treatment, and that he went more than a year without any medication or medical treatment, save for sporadic use of medical marijuana, for his pain. These findings, supported by substantial evidence in the record, undermined Wilson's allegations concerning the severity of his pain.

The ALJ did not err in giving little weight to Dr. Wood's opinion. Controlling weight is given to a treating physician's opinion regarding the nature and severity of a claimant's impairments when the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(c)(2). The ALJ determined that Dr. Wood's opinion was not corroborated by any other medical opinion and was inconsistent with the rest of the

record. Moreover, the ALJ found that Dr. Wood's opinion heavily relied on Wilson's own subjective statements—statements that the ALJ already found incredible. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) ("An ALJ may reject a treating physician's opinion if it is based to a large extent on a claimant's self-reports that have been properly discounted as incredible." (internal quotation marks omitted)).

The ALJ did not err in finding that Wilson's mental impairments were not severe. An impairment or combination of impairments is considered "severe" if it significantly limits an individual's physical or mental abilities to do basic work activities. Social Security Ruling (SSR) 96-3p, 1996 WL 374181, at *1 (July 2, 1996). The record reflects that Wilson was never treated for depression and that when medical providers suggested taking antidepressants, Wilson was never interested in receiving treatment. Thus, substantial evidence supports the ALJ's finding that Wilson's mental impairments were not severe.

The ALJ did not improperly exclude the annular tear as a severe impairment. The ALJ incorporated Wilson's annular tear into his finding that Wilson's degenerative disc disease of the lumbar spine was a severe impairment.

The ALJ's hypothetical question to the vocational expert included all of Wilson's medically determinable limitations. *See Robbins v. Soc. Sec. Admin.*, 466

F.3d 880, 886 (9th Cir. 2006) ("[I]n hypotheticals posed to a vocational expert, the ALJ must only include those limitations supported by substantial evidence.") If the hypothetical posed by the ALJ to the vocational expert contains all of the limitations the ALJ found credible and supported by substantial evidence in the record, then "[t]he ALJ's reliance on testimony the [vocational expert] gave in response to the hypothetical . . . [is] proper." *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005).

**AFFIRMED.**